**AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Respondent,**

v.

**Valerie BARRON, et al., Appellants.**

**No. ED 75647.**

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 21, 1999.

Paul T. Krispin, Jr., St. Louis, for appellant.

Gerre S. Langton, Evans & Dixon, St. Louis, for respondent.

Before: RICHARD B. TEITELMAN, P.J., CLIFFORD H. AHRENS, J., and LAWRENCE E. MOONEY, J.

### *ORDER*

PER CURIAM.

Valerie Barron operated a child day-care business from her home. She had a homeowners' insurance policy with American Family Mutual Insurance Company ("Insurer"). G.E.T. (a minor) was one of the children for whom Valerie Barron at one time provided day-care services. G.E.T.'s parents later filed a suit for damages (the "underlying tort action") on behalf of their minor son and themselves alleging that Valerie Barron had been negligent in her supervision of G.E.T., and that as a direct and proximate result of this negligence G.E.T. had on numerous occasions over a period of approximately one year been sexually abused and molested by Valerie Barron's son, Michael Barron, while in the care of Valerie Barron.

G.E.T. and his parents appeal from the grant of summary judgment entered in

**848**

favor of Insurer, in Insurer's declaratory judgment action brought against them and the Barrons seeking a declaration that Insurer was not obligated under the provisions of the homeowners insurance policy to provide coverage for injuries arising out of any alleged or actual sexual abuse and molestation of G.E.T., and further seeking a determination that it had no duty to defend, indemnify or otherwise reimburse Valerie Barron in the underlying tort action.

We have reviewed the briefs of the parties and the record on appeal. The facts were undisputed and the issue presented is solely one of law, concerning interpretation of the insurance contract. No error of law appears, and the summary judgment was properly granted. An extended opinion herein would have no precedential value. We have, however, furnished the parties with a memorandum for their information only, setting forth the reasons for this order.

The judgment is affirmed pursuant to Rule 84.16(b).